UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES KONOPA and MATTHEW CLARK, On Behalf of themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK ROAD RUNNERS, INC.,<br>Defendant. | Civil Action No. 16-cv-450<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Charles Konopa and Matthew Clark, on behalf of themselves and all other persons similarly situated, by their undersigned attorneys, for their class action complaint against Defendant New York Road Runners, Inc., ("Road Runners" or the "Defendant"), allege upon information and belief as follows:

## NATURE OF THE ACTION

1. Road races like the New York City Marathon, a 26.2 mile race through all five boroughs of New York City (the "New York City Marathon" or the "Marathon"), have exploded in popularity. The Marathon is organized by Defendant Road Runners and has, with the single exception in 2012, been run every year since 1970.

2. The number of runners who wish to compete in the Marathon far exceeds the number of spots available. To deal with excess demand, Road Runners conducts a random, chance-based drawing or lottery for qualification into the Marathon (the "Lottery"). To be considered as a chance-based drawing or lottery, three elements must be present: consideration (a cost to enter), a chance to win and a prize. The Lottery contains each of these elements. Road Runners charges prospective runners a non-refundable fee of up to $11 to enter the Lottery in

which these individuals have the chance to win a prize, namely, the right of entry into the Marathon. Between 2010 and 2015, tens of thousands of prospective runners paid consideration to Road Runners to enter the Lottery. From 2010 to 2015, Road Runners grossed millions of dollars from the Lottery.

3. From 2010 to 2015, fewer than 18% of the Lottery entrants qualified via the Lottery to run the in the Marathon. For example, in 2015, only 14,326 runners were picked from the 80,080 who entered the Lottery. The odds were worse in 2014, when only 9,170 of approximately 77,000 Lottery entrants qualified for the Marathon via the Lottery.

4. Article I, Section 9 of the New York State Constitution (the "NYS Constitution") prohibits any "lottery or sale of lottery tickets, pool-selling, book-making, or any other kind of gambling, except lotteries operated by the state...." The public policy of the State of New York disfavors chance-based drawings and lotteries. Aside from the public health and economic problems that they tend to foster, at their core, they are inherently unfair. The institutions that run them receive a guaranteed windfall at the expense of thousands of individuals. Accordingly, the NYS Constitution generally proscribes lotteries, while its statutes provide for double damages and double costs of suit against those who illegally operate them. Even where exceptions exist to the general prohibition against games of chance, such as for charitable organizations, the exceptions are rigidly regulated to prevent commercialized gambling, criminals or other undesirable elements from participating in games of chance, and diversion of funds from authorized purposes.

5. In conducting its Lottery, Road Runners operated a chance-based drawing or lottery as defined under the laws of the State of New York. Prospective runners gave consideration for a chance to win a prize – qualification for one of the coveted spots in the race.

In so doing, however, Road Runners violated applicable New York law. Accordingly, Plaintiffs and all others members of the Class (defined below) who participated in the Lotteries have a private right of action against Road Runners for damages.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the *Class Action Fairness Act of 2005* because the amount in controversy exceeds $5,000,000, exclusive of interest and costs and is a class action in which a member of the class is a citizen of a different State than the Defendant. 28 U.S.C. § 1332 (d) (2) (A).

7. Plaintiff Charles Konopa ("Konopa") is an individual who resides in Salt Lake County, Utah. Plaintiff Matthew Clark ("Clark") is an individual who resides in Utah County, Utah. Defendant Road Runners is a 501(c)(3) not-for-profit corporation incorporated under the laws of New York and has its principal place of business in New York. Road Runners is therefore a citizen of New York pursuant to 28 U.S.C §1332 (c) (1).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the events giving rise to Plaintiffs' claim occurred in this District and because Road Runners maintains its principal place of business in this District.

## PARTIES

9. Plaintiff Konopa is an individual who resides in Salt Lake County, Utah. Konopa entered the Lottery in 2014.

10. Plaintiff Clark is an individual who resides in Utah County, Utah. Clark entered the Lottery in 2011 and 2015.

11. Defendant New York Road Runners, Inc. is a 501(c)(3) not-for-profit corporation incorporated under the laws of New York. Road Runners' headquarters and principal place of business is located at 156 West 56th Street, New York City, New York.

## CLASS ALLEGATIONS

12. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), and (b)(3) on behalf of a Class consisting of all those who entered the Lottery in 2010, 2011, 2012, 2013, 2014 and 2015, inclusive, for a chance of qualifying for the New York City Marathon and who were damaged thereby (the "Class").

13. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are tens of thousands of members in the proposed Class who are geographically dispersed throughout the United States. Members of the Class may be identified from records maintained by Road Runners and may be notified of the pendency of this action by mail, email or other electronic means.

14. Plaintiffs' claims are typical of the claims of the members of the Class. All members of the Class paid the fee to enter the Lottery for a chance to win a spot in the Marathon. All members of the Class were similarly affected by Defendant's wrongful conduct in violation of New York law that is complained of herein.

15. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action litigation.

16. Common questions of law or fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the numerous questions of law or fact common to the Class are:

a. whether Road Runners conducted an illegal lottery from 2010 to 2015;

b. whether Road Runners ever has obtained an identification number to conduct a game of chance from the New York Gaming Commission;

c. whether Road Runners ever has obtained a license from New York City to conduct a game of chance;

d. whether each year's Lottery netted proceeds in excess of $30,000;

e. whether the aggregate value of the prizes awarded under each Lottery exceeded $500,000;

f. whether Road Runners complied with sections 186 *et seq.* of N.Y. General Municipal Law in conducting the lotteries; and

g. whether failure to comply with sections 186 *et seq.* of General Municipal Law gives rise to a private right of action under section 5-423 of General Obligations Law.

17. Road Runners has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

18. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for many members of the Class to

individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

19. Road Runners is the organizer and operator of the New York City Marathon, a prestigious, 26.2-mile road race through the five boroughs of New York City.

20. Though there are ways to qualify for the marathon other than participating in the Lottery – such as donating time or money to certain charities or running a qualifying time in another race. Once a person qualifies to run, he or she must pay a race-entry fee to run in the Marathon. The race entry fee, which in 2015 ranged from $216-347 depending on club membership and US residency, is not the subject of this action.

21. On information and belief, for each year from 2010 through 2015, approximately 80,000 prospective runners participated in the Lottery.

22. Road Runners allowed a limited number of these Lottery participants to qualify for the Marathon through the Lottery.

23. To enter the Lottery, prospective runners were required to pay Road Runners a fee of $11. The payment was nonrefundable.

24. On its website and in other promotional materials, Road Runners characterized the fee as a "processing fee."

25. The Lottery prize was qualification into the Marathon. Like all other qualifiers, however, those who qualified via the Lottery had to pay an additional race-entry fee to run in the race.

26. In each year from 2010 to 2015, fewer than 18% of the runners who participated in a particular year's Lottery qualified via the Lottery to run in that particular year's Marathon.

27. Plaintiff Konopa paid a fee to enter the Lottery for the 2014 New York City Marathon. He did not win the drawing. Road Runners retained the fee Konopa paid to enter the Lottery.

28. Plaintiff Clark paid to enter the Lottery for the 2011 New York City Marathon. He did not win the Lottery. Road Runners retained the fee that Mr. Clark paid to enter the Lottery.

29. Clark also paid to enter the Lottery for the 2015 Marathon. He did not win the Lottery, and Road Runners again retained the fee he paid.

30. All members of the Class paid a fee to enter the Lotteries for one or more of the New York City Marathons held in 2010, 2011, 2012, 2013, 2014, or 2015.

31. Road Runners retained the fees paid by Plaintiffs and the other member of the Class.

32. From 2010 to 2015, the Lotteries generated millions of dollars in gross revenues for Road Runners.

33. For each and every year from 2010 to 2015, the net proceeds or net profits of the drawing exceeded $30,000 as defined by section 186 of General Municipal Law.

34. For each and every year from 2010 through 2015, Road Runners did not have an identification number from the New York Gaming Commission, as generally is required under sections 189, 190 and 195-k of General Municipal Law.

35. For each and every year from 2010 through 2015, Road Runners did not have a license from New York City, as generally is required under sections 189, 190 and 195-k of General Municipal Law.

36. For each and every year's Lottery from 2010 through 2015, the aggregate value of the series of prizes awarded under the drawing exceeded $500,000. For purposes of this paragraph, the intended definition of the phrase "series of prizes" is the same as the definition described in section 186 of General Municipal Law.

37. In each and every year from 2010 to 2015, there was at least one day in which Road Runners collected more than $500 in connection with the Lottery.

## FIRST CLAIM FOR RELIEF
(§ 5-423 General Obligations Law)

38. All prior paragraphs of this Complaint are re-alleged and incorporated as though fully set forth herein.

39. Road Runners' Lotteries for entry into the Marathons held from 2010 to 2015 involved consideration (the payment of a fee to enter the drawing), chance (the drawing itself), and a prize (qualification for the respective marathon).

40. Road Runners' Lotteries for entry into the 2010 to 2015 Marathons were unlawful because Road Runners did not have an identification number or license when conducting them and, for each Lottery, awarded a series of prizes that had an aggregate value in excess of $500,000.

41. By paying a fee to participate in Road Runners' chance-based Lottery, Plaintiffs Konopa and Clark purchased a share, interest, ticket, certificate of any share or interest, or part of a ticket, or any paper or instrument purporting to be a ticket or share or interest in any ticket, or purporting to be a certificate of any share or interest in any ticket, or in any portion of any lottery.

42. By paying a fee to participate in Road Runners' chance-based Lotteries, members of the Class purchased a share, interest, ticket, certificate of any share or interest, or part of a

ticket, or any paper or instrument purporting to be a ticket or share or interest in any ticket, or purporting to be a certificate of any share or interest in any ticket, or in any portion of any lottery.

43. Plaintiffs and each member of the Class are entitled to double the amount of the fee(s) each paid to enter the drawing(s) plus double costs of suit.

44. An injunction is necessary to prevent Road Runners from again conducting a drawing in violation of New York gaming laws because, on information and belief, Road Runners intends to continue charging a fee to participate in the drawing in violation of those laws.

## SECOND CLAIM FOR RELIEF
(§ 5-423 General Obligations Law; § 225.05 Penal Law)

45. All prior paragraphs of this Complaint are re-alleged and incorporated as though fully set forth herein.

46. Road Runners knowingly advanced or profited from Lotteries for entry into the 2010 to 2015 Marathons.

47. In participating in Road Runners' Lotteries, Plaintiffs Konopa and Clark staked or risked something of value (the application fee) upon the outcome of a contest of chance or a future contingent event not under their control or influence (Road Runners' drawing), upon an agreement or understanding that they would receive something of value (qualification for the Marathon) in the event of a certain outcome (winning the drawing).

48. In participating in Road Runners' Lotteries for entry into the 2010, 2011, 2012, 2013, 2014 and 2015 Marathon(s), each member of the Class staked or risked something of value (the application fee(s)) upon the outcome of a contest of chance or a future contingent event not under his or her control or influence (Road Runners' respective Lotteries), upon an agreement or

9

understanding that each member would receive something of value (the qualification for the applicable Marathon(s)) in the event of a certain outcome (winning the Lotteries).

49. Road Runners' Lotteries for entry into the 2010, 2011, 2012, 2013, 2014 and 2015 Marathons were unlawful because Road Runners did not have an identification number or license when conducting them and, for each Lottery, awarded a series of prizes that had an aggregate value in excess of $500,000.

50. Because the drawings for entry into 2010, 2011, 2012, 2013, 2014 or 2015 Marathons were unlawful, they were in violation of section 225.05 of the Penal Law.

51. Plaintiffs and each member of the Class, therefore, may sue for and recover the fee(s) that each paid to enter the drawing(s).

52. An injunction is necessary to prevent Road Runners from again conducting a drawing in violation of New York gaming laws because, on information and belief, Road Runners intends to continue charging a fee to participate in the drawings in violation of those laws.

### THIRD CLAIM FOR RELIEF
(§ 5-423 General Obligations Law; § 225.10 Penal Law)

53. All prior paragraphs of this Complaint are re-alleged and incorporated as though fully set forth herein.

54. Road Runners knowingly advanced or profited from the drawings for entry into the 2010 to 2015 New York City Marathons.

55. By participating in the drawings, Plaintiffs Konopa and Clark paid something of value (the application fee) for a chance to qualify for the Marathon, which chance was represented and differentiated by numbers or by combinations of numbers or by some other media, one or more of which chances are to be designated the winning ones.

56. For each year's drawing, the winning chances were to be determined by a drawing or by some other method based upon the element of chance.

57. For each year's drawing, the holders of the winning chances were to receive something of value (qualification for the marathon).

58. As part of the drawing(s) for entry into the 2010, 2011, 2012, 2013, 2014 or 2015 Marathon, each member of the Class paid something of value (the application fee(s)) for a chance to qualify for the respective marathon(s), which chance was represented and differentiated by numbers or by combinations of numbers or by some other media, one or more of which chances were to be designated the winning ones.

59. Under drawings for entry into the 2010, 2011, 2012, 2013, 2014 or 2015 Marathon, the winning chances were to be determined by a drawing or by some other method based upon the element of chance.

60. Under the drawings for entry into the 2010, 2011, 2012, 2013, 2014 or 2015 Marathon, the holders of the winning chances were to receive something of value (qualification for the Marathon).

61. Road Runners' drawings for entry into the 2010, 2011, 2012, 2013, 2014 or 2015 Marathon were unlawful because Road Runners did not have an identification number or license when conducting them and, for each Lottery, awarded a series of prizes that had an aggregate value in excess of $500,000.

62. Because Road Runners, in connection with the drawings for entry into the 2010, 2011, 2012, 2013, 2014 or 2015 Marathon, had at least one day when it received more than $500 in application fees, the drawings were in violation of section 225.10 of the Penal Law.

63. Plaintiffs Konopa and Clark and each member of the Class, therefore, may sue for and recover the fee(s) that each paid to enter the drawing(s).

64. An injunction is necessary to prevent Road Runners from again conducting a drawing in violation of New York gaming laws because, on information and belief, Road Runners intends to continue charging a fee to participate in the drawings in violation of those laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectively pray for relief and judgement against Defendant as follows:

1. Determining that this action is a proper class action and certifying Plaintiffs as the class representatives under Rule 23 of the Federal Rules of Civil Procedure;

2. Awarding compensatory and/or statutory damages in favor of Plaintiffs and the other members of the Class against Defendant for the losses and damages suffered as a result of Defendant's wrongdoing alleged herein; in particular, § 5-423 General Obligations Law allows for recovery of "double the sum of money" paid to participate in the Lottery, which totals approximately $10,560,000.00 in statutory damages based on the following calculation: 80,000 (the approximate number of Lottery participants per year) multiplied by 6 (this suit involves Lotteries held in 2010, 2011, 2012, 2013, 2014, and 2015) multiplied by the cost of entering the Lottery (up to $11 per person) multiplied by 2 (double the sum of money paid)).

3. Entering an injunction prohibiting Road Runners from conducting an illegal Lottery unless and until Road Runners complies with applicable New York State gaming laws;

4. Awarding Plaintiff and the Class their fees and expenses in this action, including attorneys' fees and expert fees, all to the degree allowed by statute and/or applicable law, including any multiplication of costs and fees as allowed under the law;

5. Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

DATED this 20th day of January, 2016.

**ABBEY SPANIER, LLP**

By: /s/ Nancy Kaboolian
Judith L. Spanier
jspanier@abbeyspanier.com
Nancy Kaboolian
nkaboolian@abbeyspanier.com
212 East 39th Street
New York, NY 10016
Tel.: 212-889-3700
Fax: 212-684-5191


**CHRISTENSEN & JENSEN, P.C.**

By:/s/ Phillip E. Lowry
Phillip E. Lowry
phillip.lowry@chrisjen.com
Bryson R. Brown
bryson.brown@chrisjen.com
257 E. 200 S., Suite 1100
Salt Lake City, Utah 84111
Tel.: 801-323-5000
Fax: 801-355-3472

*Attorneys for Plaintiffs*