| | |
|---|---|
| IN RE NEW YORK ROAD RUNNERS LITIGATION | Civil Action No.: 1:16-cv-00450-KBF |

## SETTLEMENT STIPULATION

This Settlement Stipulation is made by and between Plaintiffs Charles Konopa ("Konopa") and Sandra Del Guercio ("Del Guercio") ( "Plaintiffs") and Defendant New York Road Runners ("Defendant" or "NYRR") to fully and completely settle *In Re New York Road Runners Litigation* (S.D.N.Y. Case No. 1:16 Civ. 00450-KBF) (the "Class Litigation");

WHEREAS, in the Class Litigation, Plaintiffs, on behalf of themselves and all other similarly situated individuals, have asserted claims under New York State General Business Law § 349 and New York General Obligations Law § 5-423 as well as claims for fraudulent inducement and breach of the implied covenant of good faith and fair dealing related to various aspects of the entry process for the New York City Marathon and NYC Half Marathon including but not limited to the legality of drawings held by NYRR for non-guaranteed entry in such races;

WHEREAS, Mathew Clark ("Clark") and Konopa filed an action against Defendant in this Court on January 21, 2016 and Bill Fazekas ("Fazekas") and Del Guercio filed a separate action against Defendant in this Court on February 2, 2016;

WHEREAS, Konopa, Clark, Fazekas, and Del Guercio, pursuant to an Order entered by this Court on March 11, 2016, filed a consolidated complaint before this Court on March 25, 2016 in the above-captioned action;

WHEREAS, by motion dated April 12, 2016, Defendant moved to compel arbitration of the claims of Clark and Fazekas concerning the 2015 New York City Marathon on the ground that such claims were arbitrable, to stay the litigation of those Claims, and to stay the remainder of the litigation;

WHEREAS, by Order dated April 20, 2016 the claims of Clark and Fazekas were withdrawn without prejudice and Clark and Fazekas voluntarily withdrew as plaintiffs from this action;

WHEREAS, Plaintiffs believe their claims are strong and have substantial merit;

WHEREAS, Defendant expressly denies that it and its employees, members, agents and/or related entities have committed any wrongdoing or violated any federal, state, or local laws, vigorously dispute the claims asserted in the Class Litigation and continue to assert that they have strong and meritorious defenses to any and all such claims; and

WHEREAS, to avoid uncertainty, risk, and the expense and burdens of further litigation, and after substantial, arms-length settlement negotiations, Plaintiffs and Defendant (collectively, the "Parties") desire to resolve the Class Litigation on the terms set forth herein.

NOW, THEREFORE, the Parties agree as follows:

1.    **Definitions**.  As used in this Settlement Stipulation, the following terms have the following meanings:

a.    **"Applicable Races"** means the following races towards which the race credit described in Sections 9 and 10 shall be usable: New York City Marathon, NYC Half Marathon, Brooklyn Half Marathon, Queens 10K, Bronx 10 Mile, and the Staten Island Half Marathon.

b.    **"Attorneys' Fees"** means the amount of attorneys' fees and costs to be paid to Class Counsel and Randall S. Newman, P.C. pursuant to Class Counsel's motion and subject to the Court's approval and the limitations described in Section 15 below.

c.    **"Settlement Administrator"** means Rust Consulting, Inc., which has been jointly designated by counsel for the Parties to administer the Settlement.

d.    **"Class Counsel"** means Wolf Haldenstein Adler Freeman & Herz LLP; Abbey Spanier LLP; and Christensen & Jensen P.C.

e.    **"Court"** means the United States District Court for the Southern District of New York.

f.    **"Covered Races"** means the 2010-2014 New York City Marathon and 2010-2015 NYC Half Marathon.

g.    **"Credit Date"** means the date on which the "race credits", described in Sections 9 and 10 below, will become valid and useable.  The Credit Date shall be designated by Defendant in its sole and absolute discretion but will be no later than two-hundred sixty (260) days after the Effective Date or

October 31 of the year following the Effective Date, whichever is later.

h.     **"Credit Period"** means the two (2) year period following the Credit Date.

i.     **"Defendant's Counsel"** means Proskauer Rose LLP.

j.     **"Effective Date"** means: (i) if no appeal is taken from the Final Approval Order, thirty (30) days after the Court's entry of the Final Approval Order; or, (ii) if an appeal is taken from the Final Approval Order, thirty (30) days from the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally disposed and can no longer be appealed or reviewed.

k.     **"Entry Fee"** means the fee charged by NYRR to entrants upon acceptance into any Applicable Race. By way of example, the Entry Fee for U.S. residents for the 2016 Marathon is $216 for members of NYRR and $255 for non-members of NYRR, and the Entry Fee (prior to March 28, 2016 – later registration is slightly more expensive) for the 2016 Staten Island Half is $40 for members of NYRR and $55 for non-members of NYRR.

l.     **"Final Approval Order"** means the Court's order granting final approval of the Settlement.

m.     **"Final Approval Hearing"** means the final hearing scheduled before the Court on the question of whether the Settlement, including payment of Attorneys' Fees, the Payments to the Named Plaintiffs, and issuance of credit to certain Class Members, should be finally approved as fair,

reasonable and adequate as to the members of the Settlement Class.

n. **"Half Marathon"** means the annual race conducted by NYRR in Manhattan which is known as the "NYC Half Marathon".

o. **"Marathon"** means the annual five-borough race conducted by NYRR in New York City known as the "New York City Marathon".

p. **"Notice"** means collectively the long form notice attached as **Exhibit A** or the abbreviated electronic and postal equivalents attached as **Exhibits B and C** respectively.

q. "**Notice Process**" means the process of providing Notice to Settlement Class Members in the manner provided in Section 8 below.

r. **"Parties' Counsel"** means Class Counsel and Defendant's Counsel.

s. **"Preliminary Approval Date"** means the date the Preliminary Approval Order is entered by the Court.

t. **"Preliminary Approval Order"** means the Court's order preliminarily approving this Settlement. The Parties agree that they shall request that the Court enter a Preliminary Approval Order in substantially the form attached as **Exhibit D**.

u. **"Processing Fee"** means the fee paid by entrants into the drawing for the Covered Races ($11 for the Marathon and $5 for the Half Marathon respectively). This fee is distinct from Entry Fees paid after an individual is accepted into the Marathon and Half Marathon.

v. **"Response Period"** means 45 days from the provision of Notice in the

manner provides in Section 8 below.

w. **"Settlement"** means the terms described in this Settlement Stipulation.

x. **"Settlement Class"** means the class of persons described in Section 7 below.

y. "**Settlement Class Member**" means each person who is a member of the Settlement Class described in Section 7 below who does not, within the time provided as detailed in Section 8(f), notify the Settlement Administrator of his or her intention to opt out of this Settlement.

2. **No Admission of Liability and No Concession as to the Merits**. Defendant expressly denies that it violated the law in any manner alleged in or related to the Class Litigation. The Parties enter into this Settlement Stipulation to avoid the risks, uncertainty, expense and burden of further litigation. This Settlement shall not be construed or deemed to be an admission of liability or wrongdoing on the part of Defendant.

## INITIAL PROCEDURAL STEPS

3. **Process for Preliminary Approval of Settlement.** No later than September 9, 2016, the Parties shall submit to the Court this Settlement Stipulation along with a motion for preliminary approval of this Settlement and class certification (for the sole purpose of Settlement) of the Settlement Class.

4. **Settlement Administrator.**

(a) The Settlement Administrator shall serve as the administrator of the Settlement and perform the services described in this Settlement Stipulation

6

and any other services mutually agreed to by the Parties. The Parties have agreed that Rust Consulting will serve as the Settlement Administrator for the Settlement of the Class Litigation.

(b)     Defendant shall provide the Settlement Administrator with data regarding the Settlement Class Members, as described in Section 6 below, in order for the Settlement Administrator to perform its duties. The Settlement Administrator may provide the information in Section 6 to Class Counsel, upon Class Counsel's request.

(c)     The Settlement Administrator, using the records provided by Defendant, will prepare the Notice substantially in the form attached hereto as Exhibits A, B, and C and disseminate such Notice in accordance with Section 8 below.

(d)     Publication of Notice. At the time, or prior to, when the Settlement Administrator sends the electronically-mailed notice, the Settlement Administrator shall cause the Notice to be published on the website to be administered by the Settlement Administrator relating to the Litigation.

(e)     The Settlement Administrator will provide regular reports to the Parties' Counsel regarding the status of the sending of the Notice to Class Members, the receipt of objections and requests for exclusion, and the status of sending the credits to eligible Settlement Class Members.

(f)     Defendant shall pay all fees and costs for the Settlement Administrator's services, including the cost of administering the CAFA notice as set forth in Section 5 below.

5.      **Notices Mandated by Statute.**  Within ten (10) business days after the Parties file a Motion for a Preliminary Approval Order, the Settlement Administrator shall prepare and mail notices of the Settlement to all "Appropriate Federal Officials" and "Appropriate State Officials" as required by 28 U.S.C. § 1715, the Class Action Fairness Act ("CAFA").

6.      **Information to be Provided by Defendant.**  Within  thirty (30) business days after the Preliminary Approval Date, Defendant will provide to the Settlement Administrator a list containing its records of Settlement Class Members' names, street addresses, email addresses, and telephone numbers.

7.      **Settlement Class**.  The Parties will ask the Court to certify the Settlement Class, to consist of all persons residing in the United States and territories of the United States who: (i) sought "non-guaranteed entry" by entering the drawing conducted by Defendant for each of the Covered Races, and/or (ii) received "guaranteed entry" through one of Defendant's "Official Charity Partners" for each of the Covered Races.

8.      **Notice Process.**

(a)     **Form of Notice.**  Notice substantially in the form annexed hereto as Exhibit A will be made available to each Settlement Class Member.  An email containing text substantially in the form annexed hereto as Exhibit B and

containing a link to a website containing the long form Notice (Exhibit A) will be sent to each Settlement Class Member (as described in Section (8)(b) below). Any Settlement Class Member for whom postal notice is required (as described in Section (8)(c) below) will receive a mailing containing text substantially in the form annexed hereto as Exhibit C and directing them to a website containing the long form Notice (Exhibit A).

(b)     **Electronically-Mailed Notice.** Within sixty (60) days following the Court's Preliminary Approval Order, the Settlement Administrator shall provide notice by electronic mail to the Settlement Class Members for whom email addresses were made available in accord with Section 6 above.

(c)     **Unavailable and Non-Working Email Addresses.** For any Settlement Class Members for whom Defendant has no recorded email address or whose email address generates an automated response that indicates the email address is inoperative, the Settlement Administrator will make a reasonable good-faith effort to provide Notice by other means such as an alternative email address or postal notice to such Settlement Class Members' last known postal addresses that can be ascertained with reasonable effort. If a Settlement Class Member's postal notice is returned with a forwarding address, the Settlement Administrator shall make such other reasonable good-faith efforts to contact the Settlement Class Member as the Settlement Administrator determines to be reasonable.

(d)     **Declaration of Settlement Administrator.**  Defendant shall provide to the Court prior to the Final Approval Hearing, a declaration by the Settlement Administrator providing proof of its dissemination of Notice in accordance with this Section 8.  The declaration shall also identify those Settlement Class Members who have filed objections to the Settlement as well any individuals who have requested to opt-out of the Settlement.

(e)     **Objecting to the Settlement.**  Settlement Class Members may object to the Settlement by following the instructions described in the Notice.  All objections and any papers submitted in support of such objection shall be considered by the Court at the Final Approval Hearing only if, on or before the expiration of the Response Period, the Settlement Class Member submits copies of such objections and any papers to the Court by: (a) filing an objection with the Court in person, by CM/ECF, or by U.S. Mail addressed to the Clerk of the Court, and (b) sending a copy of such objection by U.S. Mail to counsel for the Parties; provided that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Filing (CM/ECF) system.

(f)     **Exclusion from the Settlement.**  A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request to the Settlement Administrator postmarked on or before the expiration of the Response Period, including: the case number of the Class Litigation; such

Class Member's name, address, email address (if applicable), phone number and signature (or the signature of an authorized representative of such Class Member); the identity of each of the Covered Races in which such Class Member sought or obtained "non-guaranteed entry" through an NYRR drawing and/or obtained "guaranteed entry" through one of NYRR's "Official Charity Partners." Any exclusion request that does not include all of this information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the person serving such an exclusion request shall remain a Settlement Class Member and shall be bound as a Settlement Class Member by the Settlement Stipulation, if approved. Any Settlement Class Member who submits a timely and valid exclusion request shall not: (a) be bound by the Final Approval Order; (b) be entitled to relief under this Settlement Stipulation; (c) gain any rights by virtue of this Settlement Stipulation; or (d) be entitled to object to any aspect of this Settlement Stipulation.

## THE SUBSTANTIVE TERMS OF THE AGREEMENT

9. **The Race Credit.** Defendant NYRR shall issue race credits to Settlement Class Members as follows:

   (a) Settlement Class Members not selected in the drawings for the 2013 and 2014 Marathon and the 2014 and 2015 Half Marathons will receive a credit

of one hundred percent (100%) of the amount they paid in processing fees ($11 for each Marathon and $5.00 for each Half Marathon).

(b)   Settlement Class Members not selected in the drawings for the 2010-2012 Marathon and 2011-2013 Half Marathon will receive a credit of fifty percent (50%) of the amount they paid in processing fees ($5.50 for each Marathon and $2.50 for each Half Marathon).

(c)   Settlement Class Members who were selected in the drawings for the Covered Races in the years referred to in sub-sections (a) and (b) above will receive one-half of the credit they otherwise would have received under the formula detailed above. Thus, entrants who were selected in the drawings for the 2013 and 2014 Marathon and the 2014 and 2015 Half Marathons will receive a credit of fifty percent (50%) of the amount they paid in processing fees ($5.50 for each Marathon and $2.50 for each Half Marathon). Likewise, entrants who were selected in the drawings for the 2010-2012 Marathon and 2011-2013 Half Marathon will receive a credit of twenty-five percent (25%) of the amount they paid in processing fees ($2.75 for each Marathon and $1.25 for each Half Marathon).

(d)   No credit will be issued for any other race sponsored by Defendant other than the 2010-2014 Marathons and 2011-2015 Half Marathons.

10.   **The Rules for Using the Race Credit.**

(a)   Settlement Class Members who paid a Processing Fee in order to seek non-guaranteed entry into any one or more of the 2010-2014 Marathons and

2011-2015 Half Marathons through an NYRR drawing will receive a one-time race credit for each such race as described in Section 9 above. The race credit will be valid and useable beginning on the Credit Date. The Credit Date and the Credit Period will be set forth in the communication sent to Settlement Class Members by the Settlement Administrator along with an electronic voucher reflecting the race credit.

(b)     At the time race credits are issued to Settlement Class Members, Defendant, in conjunction with the Settlement Administrator, will make a good-faith effort to provide any Settlement Class Members whom Defendant has reason to believe may be entitled to a credit that is not reflected by Defendant's records, the opportunity to submit reasonable verification of their participation in the drawing for any Covered Race and therefore entitled to a credit.

(c)     The race credits can be used during the Credit Period. The race credit will be usable towards the Entry Fees charged by Defendant for any of the Applicable Races, or, if such races are renamed or discontinued, then the race credit will apply to the nearest equivalent race sponsored by Defendant within Defendant's reasonable discretion. The race credit may be used only once, and cannot be combined with other credits. In order to use a race credit, Settlement Class Members must apply and be accepted to, or register for, an Applicable Race through the same means required of all other entrants.

11. **No Drawing Fees or Lottery License for Three Years**.  For three (3) years following the Preliminary Approval Date, Defendant will not charge any fee to an individual to enter a drawing for non-guaranteed entry into any Defendant-sponsored races.  During that same period, Defendant will not apply for a license to conduct a lottery in New York State.  Defendant reserves the right to otherwise make any alterations to its Entry Fees, other fees or fee structure.

12. **Drawing Disclosure**.  Defendant agrees that, beginning as soon as practicable but no later than October 15, 2016, for 3 years following the Preliminary Approval Date, starting at least sixty (60) days prior to the date for the application to the drawings for the non-guaranteed entrants to the Marathon and Half Marathon and continuing through the close of such registration period, it will disclose, in a place on its website that entrants into such races would be reasonably expected to review, the following:  (i) to promote geographic diversity, entrants in the drawings will be placed, in Defendant's sole discretion, in different applicant pools based on certain factors (such as their residence); (ii) the pool an applicant is placed in may have an effect on the individual applicant's likelihood of being selected from the drawing; and (iii) the approximate percentages of the entrants chosen from each of the pools for the applicable race in the previous year.  The website will also note other facts that may affect an entrant's chance to be selected, including applying from a particular location.  For example, the following disclosure would comply with this provision:

*The [race] brings together a diverse field of runners from the NYC area and beyond. The non-guaranteed entry drawing helps preserve the diversity of*

*the race.*

*The entries available to non-guaranteed applicants will be filled through three drawings this year on [date], one in each of the following applicant pools:*

*1.      "NYC-metro area" applicants (i.e., residents in and within 60 miles of New York City);*

*2.      "National" applicants (i.e., U.S. residents outside of the NYC-metro area);*

*3.      "International" applicants (i.e., non-U.S. residents, including Puerto Rico and other U.S. territories).*

*Last year for [race] approximately X% of NYC-Metro applicants who entered the non-guaranteed drawing were selected; Y% of National applicants who entered the non-guaranteed drawing were selected; and Z% of International applicants who entered the non-guaranteed entry process were selected. Other factors such as an applicant's state of origin also may affect their chances to be selected subject to Defendant's need to maintain diversity and within Defendant's sole discretion.*

13.      **Charity Disclosure.** Defendant agrees that, as soon as practicable but no later than October 15, 2016, for at least three years following the Preliminary Approval Date, starting at least sixty (60) days prior to the periods during which an individual may register with Defendant as a charity entrant for the Marathon and Half Marathon and continuing through the close of such registration period, it will disclose on the portion of its website addressed to entrants in the Marathon and Half Marathon the amount that its external Official Charity Partners paid in the previous year to Defendant per guaranteed entry at each sponsorship level. Defendant will disclose that these amounts are subject to change. As soon as the fees which the Charity Partners will pay for the coming year are known, Defendant will post those fees in place of the fees for the prior year. Defendant also will disclose that Official

Charity Partners have the option to cover runners' Entry Fees.

14. **Charitable Contribution.** Defendant will make a $100,000 donation to City Parks Foundation. The first installment of $50,000 will be sent to City Parks Foundation no later than ninety (90) days after the Effective Date. The second installment of $50,000 will be sent to City Parks Foundation no later than one (1) year after the first installment is sent.

15. **Attorneys' Fees and Expenses.** Class Counsel and Randall S. Newman, P.C., shall move for Court approval of an amount not to exceed $650,000 as payment for attorneys' fees and their documented expenses (not to exceed $20,000), which request Defendant NYRR shall not oppose subject to the limitations herein. The Attorneys' Fees and expenses awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Attorneys' Fees and expenses. The Attorneys' Fees and expenses approved by the Court shall be paid by Defendant within 30 days after the Court's approval of Plaintiffs' Attorney Fee and expense request, provided an appropriate undertaking has been posted by Class Counsel in the event the award of Attorneys' Fees or expenses is reduced on appeal or the approval of this Settlement Stipulation is reversed on appeal. If no such undertaking has been posted by Class Counsel, Defendant shall pay the Attorneys' Fees and expenses approved by the Court no later than 90 days after the Effective Date. In no event shall Defendant pay Attorneys' Fees and expenses in excess of $670,000.

16. **Incentive Payments to Plaintiffs.** Plaintiffs shall move the Court for approval of

incentive compensation payments in the amount of $2,500 each to Plaintiffs Konopa and Del Guercio.  Defendant NYRR agrees not to oppose such a request. This Settlement is not contingent upon the Court's approval of such Payments. Other than the race credits described in Section 9 above, these are the only payments that Plaintiffs Konopa and Del Guercio will receive under this Settlement.  If approved by the Court, the incentive compensation payments shall be made by Defendant within 30 days after the Effective Date**.**

**PROCEDURES AND AGREEMENTS FOLLOWING**
**THE SENDING OF THE CLASS NOTICE**

17.　**Final Approval.** No later than 120 days after issuance of the Preliminary Approval Order Class Counsel shall move the Court for final approval of the settlement on behalf of all parties.  Class Counsel will submit a proposed Order which shall recite, *inter alia*, that: i) any and all claims of Settlement Class Members arising out of or related to the causes of action in the Class Litigation are dismissed with prejudice as to the Covered Races and ii) all claims in the Class Litigation related to the 2015 Marathon are dismissed without prejudice.

18.　**Settlement Contingent on Court Approval.**  This Settlement Stipulation is contingent upon approval of the Settlement.  If the Effective Date does not occur, this Settlement Stipulation may be voided at either Party's option, in which case this Settlement Stipulation (including its Exhibits) will become null and void, and will not be used as evidence for any purpose, including without limitation, in connection with the Class Litigation or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint.  The Parties shall retain the

right to pursue or challenge all claims and allegations, including the propriety of class action certification on all applicable grounds.

In such an event, the Parties shall resume the Class Litigation unless the Parties jointly agree to: seek reconsideration or appellate review of the decision denying preliminary or final approval; or attempt to renegotiate the Settlement and seek Court approval of a renegotiated settlement.

In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(a)     The Class Litigation will proceed as if no settlement had been attempted.  In that event, any classes certified for purposes of settlement shall be decertified, and Defendant shall retain the right to assert all applicable defenses and challenge all claims and allegations, including but not limited to contesting whether this Class Litigation should be maintained as a class action and, contesting the merits of the claims being asserted by the Plaintiffs in the Class Litigation.

(b)     The Settlement Administrator will provide notice to Class Members that the Settlement did not receive final approval and that, as a result, no credits will be issued to Class Members under the Settlement.  Such notice shall be emailed and, if necessary mailed, to the Class Members using the addresses used by the Settlement Administrator in sending the Notice.

19.     **<u>Release.</u>**

(a)     Upon the Effective Date, and except as to such rights or claims as may be

created by this Stipulation of Settlement, each Settlement Class Member, and on behalf of their respective executors, administrators, trustees, agents, and legal representatives, and each of their respective agents, representatives and attorneys is deemed to have fully released and discharged any and all claims related to their "non-guaranteed entry" for the 2010-2014 Marathons and the 2010-2015 Half Marathon, and/or their "guaranteed entry" through one of Defendant's "Official Charity Partners" for the 2010-2014 Marathon and the 2010-2015 Half Marathon whether known or unknown, suspected and/or unsuspected, including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, attorneys' fees and costs.

(b)     Moreover, each Settlement Class Member is deemed to have forever agreed not to institute any other suit, administrative claim or other claim of any sort or nature whatsoever against the Defendant, up to and including the date of Preliminary Approval of this Settlement, relating to or arising out of the claims being settled herein.

(c)     Upon the Effective Date, all claims in the Class Litigation will be deemed dismissed with prejudice, except i) as to those individuals who have excluded themselves from the Settlement in accordance with the provisions of sub-section 8(f); and ii) claims relating to the 2015 Marathon which will

be deemed dismissed without prejudice.

## OTHER TERMS

20. **Non-Disclosure and Communications.**  The Parties agree that they, or anyone acting at their direction, on their behalf, or in concert with them, will not contact the media, nor comment publicly, regarding the Class Litigation, the Proposed Settlement or the Settlement, including but not limited to by use of social media, blogs, advertising, and/or to members of the media or private organizations, provided, however, that the Parties may publicly state that they have entered into a settlement agreement to the satisfaction of all parties and the agreement is awaiting approval by the Court.   If the Parties are contacted by the media, the Parties will respond to any inquiries solely by stating that the matter has been resolved to the satisfaction of all Parties.  The Parties agree that they will not comment about anything related to the Settlement other than that which is publicly available.

21. **Return of Documents/Data.**  Within sixty (60) days of the Effective Date, Class Counsel agrees to return or destroy all confidential information, as described in the Confidentiality Order entered in this action on April 20, 2016 (Docket Entry No. 30), produced by Defendant in the Class Litigation, and provide written notice to Defendant's Counsel, certifying that it has returned and/or destroyed all such documents.

22. **Mutual Full Cooperation.**  The Parties will fully cooperate with each other and with the Settlement Administrator to effectuate this Settlement, including but not limited to, the preparation and execution of documents necessary to implement this

Settlement Stipulation. The Parties will use their best efforts to effectuate this Settlement Stipulation, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

23. **Complete Agreement.** No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Stipulation, which contains the entire, complete, and integrated statement of all settlement terms and supersedes all previous oral or written agreements. This Settlement Stipulation may not be amended or modified except by a writing signed by the Parties' Counsel.

24. **Knowing and Voluntary Agreement.** The Parties enter into this Settlement Stipulation knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Settlement Stipulation and have consulted with legal counsel regarding the Settlement Stipulation.

25. **Notifications and Communications.** Any notifications or communications made in connection with this Settlement Stipulation shall be sent to the Parties at the addresses of their respective counsel as follows:

*For Plaintiffs and Settlement Class Road*
        *Members*:

Mark C. Rifkin
Wolf Haldenstein Adler
Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
rifkin@whafh.com
newman@whafh.com
kamin@whafh.com

Judith L. Spanier
Abbey Spanier LLP
212 East 39th Street
New York, NY 10016
Tel: (212) 889-3700
jspanier@abbeyspanier.com
nkaboolian@abbeyspanier.com

Phillip E. Lowry
Bryson R. Brown
Christensen & Jensen, P.C.
257 E. 200 S., Suite 1100
Salt Lake City, Utah 84111
Tel: (801) 323-5000
phillip.lowry@chrisjen.com
bryson.brown@chrisjen.com

*For Defendant, New York*

        *Runners, Inc.:*

Michael A. Cardozo
Chantel L. Febus
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Tel: 212-969-3000
Fax: 212-969-2900
mcardozo@proskauer.com
cfebus@proskauer.com

26.     **Captions and Interpretations.**  Section titles or captions contained herein are

inserted as a matter of convenience and for reference, and in no way define, limit,

extend, or describe the scope of this Settlement Stipulation or any provision hereof.

Each term of this Settlement Stipulation is contractual and not merely a recital.

27.     **Binding on Assigns.**  This Settlement Stipulation shall be binding upon and inure

to the benefit of the Parties hereto and their respective heirs, trustees, executors,

administrators, successors and assigns.

28. **Enforcement of Settlement.** This Settlement Stipulation will be governed by New York law. The Parties submit to the jurisdiction of the Court for all purposes relating to the review, approval, and enforcement of this Settlement Stipulation.

29. **Settlement Stipulation Form and Construction.**

(a)    The terms and conditions of this Settlement Stipulation are the result of lengthy, carefully considered, arms-length negotiations between the Parties and this Settlement Stipulation shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Stipulation.

(b)    This Settlement Stipulation may be executed in electronic counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Settlement Stipulation.

(c)    This Settlement Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Class Litigation.

30. **Signatories' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind themselves, or the Parties that they represent, to the terms and conditions thereof.

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion, and their respective Counsel, have signed this Settlement Stipulation on the dates entered below:

*Named Plaintiffs:*

_____          _____
Charles Konopa                                              Date

_____          _____
Sandra Del Guercio                                         Date

*On behalf of all Class Counsel:*

_____          _____
Mark C. Rifkin                                                9/9/16
                                                                    Date

_____          _____
Judith L. Spanier                                          Date

_____          _____
Phillip E. Lowry                                           Date


*Defendant, New York Road Runners, Inc.:*

By: _____                 _____
        Michael Capiraso                                Date
        President and CEO

*Defendant's Counsel:*

By: _____                 _____
        Michael A. Cardozo                            Date

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion, and their respective Counsel, have signed this Settlement Stipulation on the dates entered below:

*Named Plaintiffs:*

_____      _____
Charles Konopa                                              Date

_____      _____
Sandra Del Guercio                                         Date

*On behalf of all Class Counsel:*

_____      _____
Mark C. Rifkin                                                Date

_____      __9/9/2016__
Judith L. Spanier                                            Date

_____      _____
Phillip E. Lowry                                             Date

*Defendant, New York Road Runners, Inc.:*

By: _____          _____
        Michael Capiraso                                  Date
        President and CEO

*Defendant's Counsel:*

By: _____          _____
        Michael A. Cardozo                              Date

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion, and their respective Counsel, have signed this Settlement Stipulation on the dates entered below:

*Named Plaintiffs:*

_____     09/08/2016
Charles Konopa                                          Date

_____     _____
Sandra Del Guercio                                      Date

*On behalf of all Class Counsel:*

_____     _____
Mark C. Rifkin                                             Date

_____     _____
Judith L. Spanier                                        Date

                                                                  09/08/2016
_____     _____
Phillip E. Lowry                                          Date

*Defendant, New York Road Runners, Inc.:*

By: _____            _____
              [Title]                                            Date

*Defendant's Counsel:*

By: _____            _____
        Michael A. Cardozo                            Date24

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion, and their respective Counsel, have signed this Settlement Stipulation on the dates entered below:

*Named Plaintiffs:*

_____
Charles Konopa

_____
Date

_____
Sandra Del Guercio

9/3/16
Date

*On behalf of all Class Counsel:*

_____
Mark C. Rifkin

_____
Date

_____
Judith L. Spanier

_____
Date

_____
Phillip E. Lowry

_____
Date

*Defendant, New York Road Runners, Inc.:*

By: _____
　　　　　　[Title]

_____
Date

*Defendant's Counsel:*

By: _____
　　　Michael A. Cardozo

_____
Date

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion, and their respective Counsel, have signed this Settlement Stipulation on the dates entered below:

*Named Plaintiffs:*

_____          _____
Charles Konopa                                            Date

_____          _____
Sandra Del Guercio                                        Date

*On behalf of all Class Counsel:*

_____          _____
Mark C. Rifkin                                            Date

_____          _____
Judith L. Spanier                                         Date

_____          _____
Phillip E. Lowry                                          Date

*Defendant, New York Road Runners, Inc.:*

By: _____          _____9/9/2016_____
    Michael Capiraso                           Date
    President and CEO

*Defendant's Counsel:*

By: _____          _____9/9/2016_____
    Michael A. Cardozo                         Date

# EXHIBIT A

**EXHIBIT A**

# IMPORTANT LEGAL NOTICE

You are receiving this Notice because you entered a drawing to run in one or more of the following: the 2010, 2011, 2012, 2013 or 2014 New York City Marathon ("Marathon") and/or the 2010, 2011, 2012, 2013, 2014 or 2015 NYC Half Marathon ("Half Marathon") (together, the "Covered Races") or entered a Covered Race through the New York Road Runners Official Charity Partner Program, both of which entry methods are the subject of a proposed settlement that may affect your rights. If you entered the drawing for non-guaranteed entry into the 2010-2014 Marathon or the 2011-2015 Half Marathon you will be entitled to a credit toward the Entry Fees in eligible future New York Road Runners races. If you sought entry into the Covered Races only through NYRR's Official Charity Partners and did not enter the lottery drawing for the Covered Races, or if you sought entry only into the 2010 Half Marathon, you are not entitled to and will not receive a credit.

*A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.*

- In complaints filed in early 2016, plaintiffs, on behalf of persons who ran or sought to run in the 2010-2015 Marathon and Half Marathon sued New York Road Runners (the "Defendant" or "NYRR") claiming that NYRR had conducted illegal lotteries and failed to disclose some aspects of how the drawings for entry and the charitable entry into the Marathon and Half Marathon operated.
- The plaintiffs (the "Plaintiffs") and the Defendant have recently decided to settle the lawsuit. In agreeing to the proposed settlement (the "Settlement"), NYRR has not acknowledged any wrongdoing and the Court has not decided that NYRR has done anything wrong.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **PARTICIPATE** | YOU DO NOT NEED TO TAKE ANY ACTION IN ORDER TO PARTICPATE IN THE SETTLEMENT. If you take no action and the Settlement is approved by the Court, you will receive the Settlement benefits for which you eligible, including any credit toward the Entry Fees for eligible future NYRR races you are entitled to and you will automatically release your claims against the Defendant. |
| **ELECT NOT TO PARTICIPATE** | If you do not want to participate in the Settlement or to be bound by its provisions, you must exclude yourself from the Settlement Class in writing postmarked by _____ as described in Section 7 below.**[Note: Date to be inserted will be 45 days from the date of the mailing of first notice to the class]**. If you exclude yourself, you will not receive a credit and you cannot object to the Settlement. |
| **ELECT TO OBJECT** | You may write to the Court about why you believe the Settlement is not fair or reasonable. You must object in writing by ____ **[Note: Date to be inserted will be 45 days from the date of the mailing of first notice to the class]** in order to speak to the Court at the Fairness Hearing (described below) about the fairness of the Settlement. If the Court rejects your objection, you cannot request exclusion from the Settlement Class and you will be bound by the terms of the Settlement. |

- This Notice provides you with information about the Settlement. Your legal rights will be affected by the Settlement, and you have a choice to make by _____. [**Note: Date to be inserted will be 45 days from the date of the mailing of first notice to the class**].

- Your rights and options with respect to the Settlement – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still must decide whether to approve the Settlement. If the Court approves the Settlement and after any appeals are resolved, credits will only be given to those individuals who are eligible and who register and are accepted to run in an applicable NYRR race.

# BASIC INFORMATION

| 1. | Why did I receive this Notice? |
| --- | --- |

Records indicate that you: (a) entered a drawing for non-guaranteed entry into one or more of the Covered Races and/or (b) received guaranteed entry into one or more of the Covered Races through one of New York Road Runners Official Charity Partners.  A class action involving these forms of entry into those races, captioned *In re New York Road Runners Litigation* (S.D.N.Y. Case No. 1:16 Civ. 00791-KBF) (hereafter the "Lawsuit"), has been settled subject to Court approval.  The Lawsuit is overseen by Judge Katherine B. Forrest of the United States District Court in the Southern District of New York.

You are receiving this Notice because it is believed you are a Settlement Class member. This Notice describes the Settlement benefits including the credit to which you may be entitled under the Settlement. This Notice also describes how you can exclude yourself from the Settlement Class or object to the Settlement.

| 2. | What is this lawsuit about and why did the parties agree to settle? |
| --- | --- |

The Lawsuit alleges that the drawings for non-guaranteed entry into the Covered Races were illegal lotteries under New York state law.  The Lawsuit makes other claims as well regarding the adequacy of disclosures relating to how the lottery and charitable entry into the Covered Races operated.  Specifically, Plaintiffs allege that Defendant's method of operation of these races violated New York State General Business Law § 349 and New York General Obligations Law § 5-423 and committed fraudulent inducement and breach of the implied covenant of good faith and fair dealing.  Defendant NYRR denies violating any laws.

Even though the parties believe their respective claims and defenses are strong, they have decided to settle the Lawsuit.  The Court overseeing the Lawsuit has preliminarily approved the Settlement. The Court will make a final decision regarding the Settlement's fairness at the hearing described in Section 9 below.

| 3. | What is a Class Action? |
|---|---|

The Lawsuit is being settled as a class action. In class actions, one or more persons sue not only for themselves, but also for other people who have similar claims. These people are known as class members. In class actions, the plaintiffs ask one court to resolve the issues for all class members. In this action, the Plaintiffs have brought a class action and the Court has conditionally certified the Settlement Class as:

> *All persons residing in the United States and territories of the United States who: (a) sought non-guaranteed entry by entering the drawing conducted by the Defendant for the Covered Races and/or (b) received guaranteed entry through one of the Defendant's "Official Charity Partners" for the Covered Races.*

# THE SETTLEMENT BENEFITS – WHAT YOU MAY RECEIVE

| 4. | What does the Settlement provide and what will I receive? |
|---|---|

The Settlement provides that NYRR will increase the disclosures on its website regarding entry through the drawings for non-guaranteed entry and the guaranteed entry through their Official Charity Partners. NYRR has also agreed not to apply for a license to run a lottery for non-guaranteed entry for at least three years from _____ [**NOTE: Preliminary Approval Date be inserted**]. NYRR has further agreed to donate $100,000 to the City Parks Foundation.

As part of the Settlement, if you entered the drawings for the 2013 or 2014 Marathon or the 2014 or 2015 Half Marathon and *were not selected*, you will receive, for each of those races for which you were not selected, a credit of $11 for each Marathon and $5 for each Half Marathon towards Entry Fees charged by NYRR for eligible future NYRR races. If you entered these drawings and *were selected* you will receive $5.50 for each Marathon and $2.50 for each Half Marathon as a credit towards Entry Fees of eligible future NYRR races.

If you entered the drawings for the 2010, 2011 or 2012 Marathon or the 2011, 2012 or 2013 Half Marathon and *were not selected*, you will receive for each of those races for which you were not selected, a credit of $5.50 for each Marathon and $2.50 for each Half Marathon towards Entry Fees of eligible future NYRR races. If you entered those drawings and *were selected* you will receive $2.75 for each Marathon you entered and $1.25 for each Half Marathon you entered as a credit towards Entry Fees of eligible future NYRR races. You do not have to file a claim form in order to participate in the Settlement.

If you sought entry into the Covered Races only through NYRR's Official Charity Partners and did not enter the lottery drawing for the Covered Races, or if you sought entry only into the 2010 Half Marathon, you are not entitled to and will not receive a credit.

In addition to the credits described above, as part of the Settlement, Defendant NYRR will pay Plaintiffs' Counsel's attorneys' fees of up to $650,000 and their documented out-of-pocket costs of up to $20,000, and will pay incentive compensation to the two Plaintiffs in the amount of up to $2,500 each, as awarded by the Court. Defendant NYRR also will pay the fees and expenses of the Settlement Administrator.

# HOW TO USE A CREDIT

| 5. How and when can I use my credit? |
| --- |

If the Settlement is approved by the Court, Settlement Class Members who entered the drawings for the Covered Races will receive a voucher by email, which can be used to pay the Entry Fee for the following eligible future races: the Marathon, the Half Marathon, the Brooklyn Half Marathon, the Queens 10K, the Bronx 10 Mile, or the Staten Island Half Marathon. When you receive the voucher the accompanying instructions will explain when the two year period during which you can use the voucher begins. If you do not receive a voucher and may be entitled to one, you will be sent instructions explaining how to obtain any voucher you believe you are entitled to receive.

The voucher may be used only once, and cannot be combined with other credits. To use the credit, you must be accepted into and register for one of the eligible races within two years of the date specified on the voucher. After that time, the voucher will expire completely and permanently.

| 6. What am I giving up by settling my claim? |
| --- |

Unless you timely exclude yourself from the Settlement Class in the manner described in Section 7 below, if the Court grants final approval of the Settlement you will be deemed to have released Defendant NYRR from any claims that you may have against it regarding entry into any of the Covered Races, all claims under New York law asserted in the Lawsuit, and any claims under New York law that arise from or are related to the facts alleged in the Lawsuit (*see* Section 3 above).

When claims are "released," that means a Settlement Class Member cannot sue any released party, for any of the claims that are covered by the release.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

| 7. How do I exclude myself from the Settlement? |
| --- |

If you do not want to participate in the Settlement, you must timely exclude yourself by ___ [**Note: Date to be inserted will be 45 days from the date of the mailing of first notice to the class**]. If you exclude yourself from the Settlement Class, you will not release any legal claims and you will preserve your right to sue Defendant on your own for alleged violations regarding entry into the Covered Races, all claims under New York law asserted in the Lawsuit, and any claims under New York law that arise from or are related to the facts alleged in the Lawsuit. Your claims will be subject to a statute of limitations. If you exclude yourself from the settlement you will not receive any credit vouchers you would otherwise be entitled to and you cannot object to the Settlement.

To exclude yourself from the Settlement Class, you must send a written request for exclusion from the Settlement Class to the Settlement Administrator. Your request for exclusion must include your name, your email and street address, and your signature. You must mail your written request for exclusion to [**Insert Rust Consulting mailing address**], by First Class U.S. mail or equivalent, postage paid, postmarked on or before ___ [**Note: Date to be inserted will be 45 days from the date of the mailing of first notice to the class**]. You may also return the request for exclusion by that same date by faxing it to [**Insert Rust Consulting Fax Number**] or emailing it to [**Insert Rust Consulting**

**email address**].  To be valid, the written request for exclusion must be signed by you.  You may revoke your request for exclusion in writing sent to the Settlement Administrator to be received by _____.

# OBJECTING TO THE SETTLEMENT

| 8. | Can I object to the Settlement? |
|---|---|

You may object to the Settlement if you wish to do so. To object to the Settlement, you must submit a written objection to the Settlement Administrator, postmarked no later than ___ [**Note:  Date to be inserted will be 45 days from the date of the mailing of first notice to the class**].  You may also send your objection by email or fax no later than ___ [**Note:  Date to be inserted will be 45 days from the date of the mailing of first notice to the class**].

Your written objection must include your name, your address, a statement describing the reasons for your objection, and any other documents you believe the Court should consider in evaluating the Settlement's fairness.

All objections and any papers submitted in support of such objection shall be considered by the Court at the Final Approval Hearing only if, on or before the expiration of the Response Period, the Settlement Class Member submits copies of such objections and any papers to the Court by: (a) filing an objection with the Court in person, by CM/ECF, or by U.S. Mail addressed to the Clerk of the Court, and (b) sending a copy of such objection by U.S. Mail to counsel for the Parties; provided that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Filing (CM/ECF) system.

Counsel for any Party may seek discovery, including deposition testimony, from any Settlement Class Member who files a timely and valid objection to the Settlement.  All such persons, by filing an objection, submit themselves to the jurisdiction of the Court for discovery purposes, as if they were a party to the Action.

You cannot object to the Settlement if you have excluded yourself from the Settlement Class.  The Court will consider your objection whether or not you attend the Fairness Hearing described in Section 10 below.  If you intend to personally attend and speak during the hearing, you must clearly indicate this in your written objection.

If you object and the Court approves the Settlement over your objection, you will be bound by the terms of the Settlement approved by the Court.

# THE COURT'S FAIRNESS HEARING

| 9. | When is the Fairness Hearing? |
|---|---|

The Court will hold a Fairness Hearing at [**INSERT TIME**] on [**INSERT DATE**] at the United States District Court for the Southern District of New York, 500 Pearl St., New York, New York, 10007-1312, Courtroom 15A.

At this hearing, the Court will decide whether the Settlement is fair, reasonable and adequate and may also consider the application by Class Counsel for fees and expenses and Plaintiffs' request for incentive compensation awards. The Court will not take any evidence at the Fairness Hearing. If there are objections to the Settlement, the Court will consider them. You may attend the hearing and you may ask to speak, but you don't have to.

After the Fairness Hearing, the Court will decide whether to grant the Settlement final approval. Thus, all provisions of this Settlement are still subject to the Court's final approval. The parties do not know how long it will take for the Court to issue its decision.

| 10. | Do I have to attend the Fairness Hearing? |
|---|---|

You are not required to attend the Fairness Hearing. Class Counsel will represent you at the hearing. You are welcome to come to the hearing at your own expense. You may also ask your own lawyers to attend the hearing, but it is not necessary to do so.

As described in Section 8 above, if you wish to object to the Settlement, you must do so in writing before the Fairness Hearing but you do not need to attend the hearing.

# THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The Court has decided that the lawyers at the law firm of Wolf Haldenstein Adler Freeman & Herz LLP; Abbey Spanier LLP; and Christensen & Jensen P.C. are qualified to represent all class members. These lawyers have been designated as "Class Counsel" in this Lawsuit. More information about these firms is available at www.whafh.com, www.abbeyspanier.com, and www.chrisjen.com.

If you decide to participate in the Settlement and do not wish to be represented by Class Counsel, you have the right to hire your own attorney at your own expense.

| 12. | How will Class Counsel be paid? |
|---|---|

Class Counsel will ask the Court to approve payment to them of up to $650,000 for their attorneys' fees and their documented expenses of up to $20,000 for their out-of-pocket costs. Class Counsel seeks these attorneys' fees to pay for investigating the facts of this case, litigating this case, and negotiating the Settlement. The attorneys' fees and expenses awarded by the Court will be paid by Defendant NYRR in addition to any other Settlement consideration.

| 13. | Who is representing the Defendant in connection with the Settlement? |
|---|---|

Defendant NYRR is represented by the law firm of Proskauer Rose LLP (New York, New York) in this action.

# REQUESTING MORE INFORMATION

| 14. | How can I request more information about the Settlement? |
|---|---|

If you have questions regarding your entitlement to a voucher or how the voucher works, please contact the Settlement Administrator at:

NYRR Settlement Administrator
c/o Rust Consulting Inc.
PO Box XXXX
Faribault MN 55021-XXXX

You may also contact Class Counsel for more information about the Settlement at:

| Randall S. Newman, Esquire | Judith L. Spanier, Esquire |
|---|---|
| Wolf Haldenstein Adler | Abbey Spanier LLP |
| Freeman & Herz LLP | 212 East 39th Street |
| 270 Madison Avenue | New York, NY 10016 |
| New York, NY 10016 | Tel: (212) 889-3700 |
| Tel: (212) 545-4600 | |

***PLEASE DO NOT CALL THE COURT OR THE CLERK ABOUT THE SETTLEMENT.***

Date:


Approved as to Form and Content:


Hon. Judge Katherine B. Forrest
United States District Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*In Re: New York Road Runners Litigation* (Case No. 1:16 Civ. 00450-KBF)

**IMPORTANT NOTICE
REGARDING NEW YORK ROAD RUNNERS CLASS ACTION**

*A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.*

**You are receiving this Notice because you entered a drawing to run in one or more of the following races: the 2010, 2011, 2012, 2013 or 2014 New York City Marathon ("Marathon") and/or the 2010, 2011, 2012, 2013, 2014, 2015 NYC Half Marathon ("Half Marathon") (together, the "Covered Races") or entered a Covered Race through the New York Road Runners Charity Partners Program, both of which are the subject of a proposed class action Settlement that may affect your rights. If you entered the drawing for non-guaranteed entry into these races, you may be entitled to a credit toward the Entry Fees in eligible future New York Road Runners races.**

**If you take no action, you will be bound by the Settlement. Your rights will be affected.**

You can learn more about the lawsuit and the proposed Settlement, including how to participate in the Settlement, exclude yourself, or object to the Settlement by reviewing the more detailed Notice, <here [URL]>. You can view a copy of the complaint in the lawsuit <here [URL]>. To receive a paper copy of the more detailed Notice, call (XXX) XXX-XXXX.

Settlement Class Members who entered the drawings for the 2010-2014 Marathon and 2011-2015 Half Marathon will receive a credit that can be used towards the Entry Fees for eligible future New York Road Runners races. **If the Court approves the Settlement, eligible Settlement Class Members will automatically receive any credit voucher they are entitled to and instructions in a later email. You do not need to take any action to receive the credit.**

The Court will hold a Fairness Hearing at [INSERT TIME] on [INSERT DATE] at the United States District Court for the Southern District of New York, 500 Pearl St., New York, New York, 10007-1312, Courtroom 15A. You are not required to attend the Fairness Hearing. Class Counsel will represent you at the hearing. You are welcome to come to the hearing at your own expense. You may also ask your own lawyers to attend the hearing, but it is not necessary to do so.

**<u>You only need to respond to this notice if you wish to exclude yourself or object to this settlement in which case you must take action by [DATE]. Please see [website] for further information.</u>**

# EXHIBIT C

EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
*In Re: New York Road Runners Litigation* (Case No. 1:16 Civ. 00450-KBF)

**IMPORTANT NOTICE REGARDING NEW YORK ROAD RUNNERS CLASS ACTION**

**You are receiving this Notice because you entered a drawing to run in one or more of the following races: the 2010, 2011, 2012, 2013 or 2014 New York City Marathon ("Marathon") or the 2010, 2011, 2012, 2013, 2014, or 2015 NYC Half Marathon ("Half Marathon") (together, the "Covered Races") or entered a Covered Race through the New York Road Runners Charity Partners Program, both of which are the subject of a proposed class action Settlement that may affect your rights. If you entered the drawing for non-guaranteed entry into these races, you may be entitled to a credit toward the Entry Fees in eligible future New York Road Runners races.**

**If you take no action, you will be bound by the Settlement. Your rights will be affected.**

To learn more about the lawsuit and the proposed Settlement, including how to exclude yourself, or object to the Settlement, please visit the website [Insert website here] where a detailed Notice can be found. To receive a paper copy of the Notice, please call (XXX) XXX-XXXX.

Settlement Class Members who entered the drawings for the 2010-2014 Marathon or 2011-2015 Half Marathon will receive a credit that can be used towards the Entry Fees for eligible future New York Road Runners races. You do not need to take any action to receive the credit. If the Court approves the Settlement, eligible Settlement Class Members will automatically receive any credit they are entitled to and instructions in a later mailing.

The Court will hold a Fairness Hearing at [INSERT TIME] on [INSERT DATE] at the United States District Court for the Southern District of New York, 500 Pearl St., New York, New York, 10007-1312, Courtroom 15A. You are not required to attend the Fairness Hearing. Class Counsel will represent you at the hearing.

**You only need to respond to this notice if you wish to exclude yourself or object to this settlement in which case you must take action by [DATE]. Please see [website] for further information.**

EXHIBIT C

Settlement Administrator
_____
_____

[postage]

**Notice PIN#:**

[fname] [lname]        [mailid]
[address] [address2]
[city], [state]  [zip]

EXHIBIT C

Settlement Administrator
_____
_____

[postage]

**Notice PIN#:**

[fname] [lname]        [mailid]
[address] [address2]
[city], [state]  [zip]

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NEW YORK ROAD RUNNERS LITIGATION | Case No. 1:16-cv-00450-KBF |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND DIRECTING NOTICE**

WHEREAS, on September 9, 2016, Plaintiffs Charles Konopa ("Konopa") and Sandra Del Guercio ("Del Guercio") (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, entered into a Settlement Stipulation (the "Stipulation") with defendant New York Road Runners, Inc. ("NYRR" or "Defendant"); and

WHEREAS, the Stipulation and the terms of the Settlement set forth therein are subject to review and approval of the Court under Federal Rule of Civil Procedure 23; and

WHEREAS, the Stipulation, together with the exhibit(s) thereto, set forth the terms and conditions of the proposed settlement memorialized in the Stipulation (the "Settlement") of the claims that were or could have been alleged in the Consolidated Class Action Complaint (the "Complaint") in this action (the "Action"); and

WHEREAS, the Settlement contemplates the dismissal of the Action as against Defendant NYRR on the merits and with prejudice (except as to runners who only sought entry into the 2015 Marathon, whose claims will be dismissed without prejudice); and

WHEREAS, the Court has read and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order Preliminarily Approving Settlement and Directing Notice (the "Preliminary Approval Order" or

the "Order"); and

WHEREAS, the Court has considered whether the Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of Notice of the proposed Settlement to the members of the proposed Settlement Class,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject-matter of the Action, the Parties, and all members of the Settlement Class.

2.      To the extent not defined herein, this Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

**Preliminary Approval of Settlement; Stay of Litigation**

3.      The Court preliminarily approves the Settlement as being sufficiently fair, reasonable, and adequate to warrant notice thereof to the Settlement Class Members as provided for herein, pending the Final Approval Hearing described below.

4.      Pending further order of the Court, all litigation activity, except that contemplated in this Order, in the Stipulation, and the Notice, is hereby stayed and all hearings, deadlines, and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off the calendar.

**Preliminary Class Determinations Under Federal Rule of Civil Procedure 23**

5.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes only, the Settlement Class, consisting of:

> All persons residing in the United States and territories of the United States who: (i) sought "non-guaranteed entry" by entering the drawing conducted by Defendant for each of the Covered Races, and/or (ii) received "guaranteed entry" through one of Defendant's "Official Charity Partners" for each of the Covered Races.

6.     The Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Federal Rules of Civil Procedure Rules 23(a) and (b)(3) have been satisfied, in that: (a) the number of Settlement Class Members is so numerous and their geographical location is so widespread that joinder of all Settlement Class Members is impracticable; (b) questions of law or fact common to the Settlement Class Members predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the absent Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

7.     Plaintiffs are hereby appointed representatives of the Settlement Class for purposes of settlement.

8.     Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Abbey Spanier LLP ("Abbey Spanier"), having met the requirements of Federal Rule of Civil Procedure 23(g)(1), are hereby appointed Lead Class Counsel for purposes of settlement.  Wolf Haldenstein and Abbey Spanier have the authority to enter into the Stipulation on behalf of the Settlement Class and are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement.

9.     The Court finds that: (a) the Stipulation resulted from good faith, informed, arms'-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Settlement Class to warrant providing notice of the Settlement to the Settlement Class and holding a Final Approval Hearing.

**Approval of Form and Distribution of Notice**

10.     The Court approves the form and content of the Notice in substantially the form

3

annexed hereto as Exhibits A, B, and C.

11.     The Court finds that the mailing and distribution of the Notice, as set forth herein, meets the requirements of Rule 23, 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law; constitutes the best notice practicable under the circumstances; is reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; and constitutes due and sufficient notice to all Persons entitled to receive such notice.

**Appointment of Settlement Administrator**

12.     The Court approves the appointment of Rust Consulting, Inc. as the Settlement Administrator to help implement the Settlement.  The Settlement Administrator may perform or assist with various administrative or clerical tasks including, without limitation: (i) mailing or sending the Notice and other written communications to Settlement Class Members; (ii) publishing Notice on the Settlement Administrator's website; (iii) answering written or telephonic inquiries about the Settlement; (iv) receiving and maintaining requests for exclusion from the Settlement Class; and (v) distributing the race credits to eligible Settlement Class Members.

**Notice Dissemination Program**

13.     Not later than thirty (30) days after the date hereof, Defendant shall provide the Settlement Administrator with the information contemplated by Section 6 of the Stipulation.

14.     The Settlement Administrator shall, within sixty (60) days following the entry of this Order, cause the summary Notice (substantially in the form attached hereto as Exhibit B) to

be sent by electronic mail to Settlement Class Members for which it is provided an email address, and cause the summary Notice (substantially in the form attached hereto as Exhibit C) to be mailed by first class U.S. Mail, postage pre-paid, to all other Settlement Class members for which it is provided only a street address.

15.     The Settlement Administrator shall, contemporaneously with the sending of the Notice in the manner provided for in ¶ 14 hereof, post a copy of the long-form Notice (substantially in the form attached hereto as Exhibit A) on a website for the Settlement maintained by the Settlement Administrator.

16.     Wolf Haldenstein and Abbey Spanier shall also post the Notice on their websites, www.whafh.com and www.abbeyspanier.com, respectively, when the Settlement Administrator sends the Notice in the manner set forth in ¶ 14 hereof.

17.     No later than seven (7) days prior to the Final Approval Hearing, Defendant shall file with the Clerk of this Court a declaration by the Settlement Administrator providing proof of compliance with the notice provisions of this Order.  The declaration shall also identify those individuals who object to the Settlement, as well as any individuals who have sought to exclude themselves from the Settlement Class.

18.     Not later than ten (10) days after the filing of the Stipulation with this Court, the Settlement Administrator shall provide notice of the proposed Settlement to appropriate Federal and State officials required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice").  Not later than thirty-five (35) days before the Final Approval Hearing, Defendant shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

## Requests for Exclusion

19.     Settlement Class Members shall be bound by all orders, determinations, and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class, in a timely and proper manner, as set forth below.

20.     In order to be valid, a request for exclusion must include: (i) the name and case number of the Class Litigation; (ii) the name, address, email address (if applicable), phone number, and signature of the person requesting exclusion (or the signature of an authorized representative of such Class Member); and (iii) all races for which the person requesting exclusion sought or obtained entry through a drawing or through the NYRR Official Charity Partner Program.  Requests for exclusion must be in writing and must be mailed by first class U.S. Mail, postage pre-paid, or otherwise delivered to the Settlement Administrator at the address set forth in the Notice.  The request for exclusion shall not be effective unless it provides all of the required information and is postmarked within the time specified, or the exclusion is otherwise accepted by the Settlement Administrator or the Court.

21.     Any Settlement Class Member may submit a written revocation of a request for exclusion to the Settlement Administrator so that it is received no later than three (3) calendar days before the Final Approval Hearing.

22.     Individuals who timely and validly request exclusion from the Class and do not timely and validly revoke their requests for exclusion, shall not be eligible to receive any benefits under the Settlement as described in the Stipulation and the Notice, unless otherwise ordered by the Court.

**Final Approval Hearing; Right To Be Heard**

23.    The Final Approval Hearing shall be held before this Court on _____,

2016, at _____ [a.m.] [p.m.], at the United States District Court for the Southern District of

New York, Courtroom 15A, 500 Pearl Street, New York, NY 10007, for the following purposes:

(a) to determine whether the Settlement, on the terms and conditions provided in the Stipulation,

is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether

the Final Approval Order, substantially in the form attached hereto as Exhibit D and as provided

for in the Stipulation, should be entered, dismissing the Action on the merits and with prejudice,

and to determine whether the releases as set forth in the Stipulation should be provided to

Defendant; (c) to determine whether, for settlement purposes only, the Settlement Class should

be certified, the Plaintiffs should be appointed as class representatives of the Settlement Class,

and Wolf Haldenstein and Abbey Spanier should be appointed as Lead Counsel for the

Settlement Class; (d) to consider Class Counsel's application for attorneys' fees and expenses;

(e) whether plaintiffs Konopa and Del Guercio should receive incentive payments of $2,500

each; and (f) to consider any other matters that may properly be brought before the Court in

connection with the Settlement.

24.    Any Settlement Class Member who has not excluded himself or herself from the

Settlement Class may object to any of the matters set forth for consideration at the Final

Approval Hearing by submitting written objections thereto.  To object, a Settlement Class

member must send a written statement stating that he or she objects to the Settlement in *In re*

*New York Road Runners Litigation*, No. 1:16-cv-00450-KBF, including the reasons for the

objection.  The written statement of objection must state: (a) the objecting person's name; (b) the

objecting person's addresses; (c) the part(s) of the Settlement or request for attorneys' fees and

expenses that the person finds objectionable; and (d) the specific reason(s) for each such objection made, including any legal support that the person wants to be brought to the Court's attention.

25.     Any Settlement Class Member may file an objection on his or her own, or through an attorney hired at his or her own expense.

26.     Any objection must be postmarked no later than _____, 2016 (forty-five (45) days from the date of the sending of first Notice to the Settlement Class), and must be filed with the Court and served on the Court and Counsel for the Parties at the following addresses:

| The Court: | Class Counsel: |
|---|---|
| United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 15A<br>New York, NY 10007 | Mark C. Rifkin<br>Wolf Haldenstein Adler Freeman & Herz LLP<br>270 Madison Avenue<br>New York, NY 100016<br><br>Judith L. Spanier<br>Abbey Spanier LLP<br>212 East 39th Street<br>New York, NY 10016 |
| **Counsel for Defendant:**<br><br>Michael A. Cardozo<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036 | |

27.     Counsel for any Party may seek discovery, including deposition testimony, from any Settlement Class Member who files a timely and valid objection to the Settlement. All such persons, by filing an objection, submit themselves to the jurisdiction of the Court for discovery purposes, as if they were a party to the Action.

28.     All objections and any papers submitted in support of such objection shall be considered by the Court at the Final Approval Hearing only if, on or before the expiration of the

Response Period, the Settlement Class Member submits copies of such objections and any papers to the Court by: (a) filing an objection with the Court in person, by CM/ECF, or by U.S. Mail addressed to the Clerk of the Court, and (b) sending a copy of such objection by U.S. Mail to counsel for the Parties; provided that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Filing (CM/ECF) system.

29.     Any Settlement Class member who properly files and serves a written objection in accordance with the directions in this Order may appear at the Final Approval Hearing, either in person or through counsel, to object to the fairness, reasonableness, or adequacy of the Settlement, or the application for attorneys' fees and expenses.

30.     To speak at the Final Approval Hearing, in person or through counsel, a Settlement Class member must send a written notice stating that it is his or her intention to appear in *In re New York Road Runners Litigation*, No. 1:16-cv-00450-KBF (the "Notice of Intention"). The Notice of Intention must be signed by the Settlement Class member or counsel and must include the name, address, telephone number, and email address of the Settlement Class member and counsel, if applicable, and must attach a copy of the Settlement Class member's filed objection. The Notice of Intention must attach any points and authorities in support of the filed objection, which must contain all legal authority upon which the Settlement Class member or counsel may rely. The Court will not take any evidence at the Final Approval Hearing. Any Notice of Intention must be postmarked no later than _____, 2016 (14 days prior to the date of the Final Approval Hearing), and be filed with the Court, and served on the Court and Counsel for all Parties, at the addresses set forth above.

31.     Any Settlement Class Member who fails to comply with any of the provisions of

this section shall waive and forfeit any and all rights he or she may otherwise have to appear separately at the Final Approval Hearing or to object to the Settlement, and shall be bound by all the terms of the Stipulation and by all proceedings, orders, and judgments in the Action.

32.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement or the request for attorneys' fees and expenses.

33.     All papers in support of the Settlement and Class Counsel's request for an award of attorneys' fees and expenses shall be served and filed with the Court no later than _____, 2016 (21 days before the Final Approval Hearing).  Reply papers in further support of the Settlement and Class Counsel's request for attorneys' fees and expenses and/or in response to objections shall be served and filed no later than _____, 2016 (seven (7) calendar days before the Final Approval Hearing).  Service of papers shall be made by overnight mail, hand delivery, or email.

34.     If any material condition to the Settlement set forth in the Stipulation is not satisfied, the parties may elect to terminate the Settlement as provided in the Stipulation.  In any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and the parties shall revert to their respective positions in the Action as of the date that immediately precedes the execution of the Stipulation.

35.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an

admission or concession that the Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Plaintiff of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

36. The Court reserves the right to adjourn the date of the Final Approval Hearing or any continuance thereof without further notice to the Settlement Class Members.

37. Except as provided in the Stipulation, pending final determination of whether the Settlement should be approved or further order of the Court, no potential Settlement Class Member, whether directly, representatively, or in any capacity, and whether or not such persons have appeared in the Action, shall commence or prosecute in any court or forum any proceeding involving the subject matter of any of the Released Claims against Defendant. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is in aid of the Court's jurisdiction and to protect its judgments.

38. The administration and consummation of the Settlement as embodied in the Stipulation shall be under the authority of this Court, and the Court shall retain exclusive, continuing jurisdiction for the purpose of enforcing the terms of the Stipulation and for any other purpose related to the prosecution or resolution of the Action.

IT IS SO ORDERED this ____ day of _____, 2016.


_____
HONORABLE KATHERINE B. FORREST
**UNITED STATES DISTRICT JUDGE**