Exhibit D

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 15 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE NEW YORK ROAD RUNNERS LITIGATION

Case No. 1:16-cv-00450-KBF

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE

WHEREAS, on September 9, 2016, Plaintiffs Charles Konopa ("Konopa") and Sandra Del Guercio ("Del Guercio") (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, entered into a Settlement Stipulation (the "Stipulation") with defendant New York Road Runners, Inc. ("NYRR" or "Defendant"); and

WHEREAS, the Stipulation and the terms of the Settlement set forth therein are subject to review and approval of the Court under Federal Rule of Civil Procedure 23; and

WHEREAS, the Stipulation, together with the exhibit(s) thereto, set forth the terms and conditions of the proposed settlement memorialized in the Stipulation (the "Settlement") of the claims that were or could have been alleged in the Consolidated Class Action Complaint (the "Complaint") in this action (the "Action"); and

WHEREAS, the Settlement contemplates the dismissal of the Action as against Defendant NYRR on the merits and with prejudice (except as to runners who only sought entry into the 2015 Marathon, whose claims will be dismissed without prejudice); and

WHEREAS, the Court has read and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order Preliminarily Approving Settlement and Directing Notice (the "Preliminary Approval Order" or

the "Order"); and

WHEREAS, the Court has considered whether the Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of Notice of the proposed Settlement to the members of the proposed Settlement Class,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject-matter of the Action, the Parties, and all members of the Settlement Class.

2. To the extent not defined herein, this Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

**Preliminary Approval of Settlement; Stay of Litigation**

3. The Court preliminarily approves the Settlement as being sufficiently fair, reasonable, and adequate to warrant notice thereof to the Settlement Class Members as provided for herein, pending the Final Approval Hearing described below.

4. Pending further order of the Court, all litigation activity, except that contemplated in this Order, in the Stipulation, and the Notice, is hereby stayed and all hearings, deadlines, and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off the calendar.

**Preliminary Class Determinations Under Federal Rule of Civil Procedure 23**

5. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes only, the Settlement Class, consisting of:

> All persons residing in the United States and territories of the United States who: (i) sought "non-guaranteed entry" by entering the drawing conducted by Defendant for each of the Covered Races, and/or (ii) received "guaranteed entry" through one of Defendant's "Official Charity Partners" for each of the Covered Races.

6. The Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Federal Rules of Civil Procedure Rules 23(a) and (b)(3) have been satisfied, in that: (a) the number of Settlement Class Members is so numerous and their geographical location is so widespread that joinder of all Settlement Class Members is impracticable; (b) questions of law or fact common to the Settlement Class Members predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the absent Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

7. Plaintiffs are hereby appointed representatives of the Settlement Class for purposes of settlement.

8. Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Abbey Spanier LLP ("Abbey Spanier"), having met the requirements of Federal Rule of Civil Procedure 23(g)(1), are hereby appointed Lead Class Counsel for purposes of settlement. Wolf Haldenstein and Abbey Spanier have the authority to enter into the Stipulation on behalf of the Settlement Class and are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement.

9. The Court finds that: (a) the Stipulation resulted from good faith, informed, arms'-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Settlement Class to warrant providing notice of the Settlement to the Settlement Class and holding a Final Approval Hearing.

**Approval of Form and Distribution of Notice**

10. The Court approves the form and content of the Notice in substantially the form

annexed hereto as Exhibits A, B, and C.

11. The Court finds that the mailing and distribution of the Notice, as set forth herein, meets the requirements of Rule 23, 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law; constitutes the best notice practicable under the circumstances; is reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; and constitutes due and sufficient notice to all Persons entitled to receive such notice.

**Appointment of Settlement Administrator**

12. The Court approves the appointment of Rust Consulting, Inc. as the Settlement Administrator to help implement the Settlement. The Settlement Administrator may perform or assist with various administrative or clerical tasks including, without limitation: (i) mailing or sending the Notice and other written communications to Settlement Class Members; (ii) publishing Notice on the Settlement Administrator's website; (iii) answering written or telephonic inquiries about the Settlement; (iv) receiving and maintaining requests for exclusion from the Settlement Class; and (v) distributing the race credits to eligible Settlement Class Members.

**Notice Dissemination Program**

13. Not later than thirty (30) days after the date hereof, Defendant shall provide the Settlement Administrator with the information contemplated by Section 6 of the Stipulation.

14. The Settlement Administrator shall, within sixty (60) days following the entry of this Order, cause the summary Notice (substantially in the form attached hereto as Exhibit B) to

be sent by electronic mail to Settlement Class Members for which it is provided an email address, and cause the summary Notice (substantially in the form attached hereto as Exhibit C) to be mailed by first class U.S. Mail, postage pre-paid, to all other Settlement Class members for which it is provided only a street address.

15. The Settlement Administrator shall, contemporaneously with the sending of the Notice in the manner provided for in ¶ 14 hereof, post a copy of the long-form Notice (substantially in the form attached hereto as Exhibit A) on a website for the Settlement maintained by the Settlement Administrator.

16. Wolf Haldenstein and Abbey Spanier shall also post the Notice on their websites, www.whafh.com and www.abbeyspanier.com, respectively, when the Settlement Administrator sends the Notice in the manner set forth in ¶ 14 hereof.

17. No later than seven (7) days prior to the Final Approval Hearing, Defendant shall file with the Clerk of this Court a declaration by the Settlement Administrator providing proof of compliance with the notice provisions of this Order. The declaration shall also identify those individuals who object to the Settlement, as well as any individuals who have sought to exclude themselves from the Settlement Class.

18. Not later than ten (10) days after the filing of the Stipulation with this Court, the Settlement Administrator shall provide notice of the proposed Settlement to appropriate Federal and State officials required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice"). Not later than thirty-five (35) days before the Final Approval Hearing, Defendant shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

**Requests for Exclusion**

19. Settlement Class Members shall be bound by all orders, determinations, and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class, in a timely and proper manner, as set forth below.

20. In order to be valid, a request for exclusion must include: (i) the name and case number of the Class Litigation; (ii) the name, address, email address (if applicable), phone number, and signature of the person requesting exclusion (or the signature of an authorized representative of such Class Member); and (iii) all races for which the person requesting exclusion sought or obtained entry through a drawing or through the NYRR Official Charity Partner Program. Requests for exclusion must be in writing and must be mailed by first class U.S. Mail, postage pre-paid, or otherwise delivered to the Settlement Administrator at the address set forth in the Notice. The request for exclusion shall not be effective unless it provides all of the required information and is postmarked within the time specified, or the exclusion is otherwise accepted by the Settlement Administrator or the Court.

21. Any Settlement Class Member may submit a written revocation of a request for exclusion to the Settlement Administrator so that it is received no later than three (3) calendar days before the Final Approval Hearing.

22. Individuals who timely and validly request exclusion from the Class and do not timely and validly revoke their requests for exclusion, shall not be eligible to receive any benefits under the Settlement as described in the Stipulation and the Notice, unless otherwise ordered by the Court.

**Final Approval Hearing; Right To Be Heard**

23. The Final Approval Hearing shall be held before this Court on Feb. 10, 2017, at 10:00 (a.m.) [p.m.], at the United States District Court for the Southern District of New York, Courtroom 15A, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the Settlement, on the terms and conditions provided in the Stipulation, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether the Final Approval Order, substantially in the form attached hereto as Exhibit D and as provided for in the Stipulation, should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the releases as set forth in the Stipulation should be provided to Defendant; (c) to determine whether, for settlement purposes only, the Settlement Class should be certified, the Plaintiffs should be appointed as class representatives of the Settlement Class, and Wolf Haldenstein and Abbey Spanier should be appointed as Lead Counsel for the Settlement Class; (d) to consider Class Counsel's application for attorneys' fees and expenses; (e) whether plaintiffs Konopa and Del Guercio should receive incentive payments of $2,500 each; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

24. Any Settlement Class Member who has not excluded himself or herself from the Settlement Class may object to any of the matters set forth for consideration at the Final Approval Hearing by submitting written objections thereto. To object, a Settlement Class member must send a written statement stating that he or she objects to the Settlement in *In re New York Road Runners Litigation*, No. 1:16-cv-00450-KBF, including the reasons for the objection. The written statement of objection must state: (a) the objecting person's name; (b) the objecting person's addresses; (c) the part(s) of the Settlement or request for attorneys' fees and

7

expenses that the person finds objectionable; and (d) the specific reason(s) for each such objection made, including any legal support that the person wants to be brought to the Court's attention.

25. Any Settlement Class Member may file an objection on his or her own, or through an attorney hired at his or her own expense.

26. Any objection must be postmarked no later than Dec. 29, 2016 (forty-five (45) days from the date of the sending of first Notice to the Settlement Class), and must be filed with the Court and served on the Court and Counsel for the Parties at the following addresses:

| The Court: | Class Counsel: |
|---|---|
| United States District Court<br>Southern District of New York<br>500 Pearl Street, Courtroom 15A<br>New York, NY 10007 | Mark C. Rifkin<br>Wolf Haldenstein Adler Freeman & Herz LLP<br>270 Madison Avenue<br>New York, NY 100016<br><br>Judith L. Spanier<br>Abbey Spanier LLP<br>212 East 39th Street<br>New York, NY 10016 |
| **Counsel for Defendant:**<br><br>Michael A. Cardozo<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036 | |

27. Counsel for any Party may seek discovery, including deposition testimony, from any Settlement Class Member who files a timely and valid objection to the Settlement. All such persons, by filing an objection, submit themselves to the jurisdiction of the Court for discovery purposes, as if they were a party to the Action.

28. All objections and any papers submitted in support of such objection shall be considered by the Court at the Final Approval Hearing only if, on or before the expiration of the

Response Period, the Settlement Class Member submits copies of such objections and any papers to the Court by: (a) filing an objection with the Court in person, by CM/ECF, or by U.S. Mail addressed to the Clerk of the Court, and (b) sending a copy of such objection by U.S. Mail to counsel for the Parties; provided that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's Case Management/Electronic Filing (CM/ECF) system.

29. Any Settlement Class member who properly files and serves a written objection in accordance with the directions in this Order may appear at the Final Approval Hearing, either in person or through counsel, to object to the fairness, reasonableness, or adequacy of the Settlement, or the application for attorneys' fees and expenses.

30. To speak at the Final Approval Hearing, in person or through counsel, a Settlement Class member must send a written notice stating that it is his or her intention to appear in *In re New York Road Runners Litigation*, No. 1:16-cv-00450-KBF (the "Notice of Intention"). The Notice of Intention must be signed by the Settlement Class member or counsel and must include the name, address, telephone number, and email address of the Settlement Class member and counsel, if applicable, and must attach a copy of the Settlement Class member's filed objection. The Notice of Intention must attach any points and authorities in support of the filed objection, which must contain all legal authority upon which the Settlement Class member or counsel may rely. The Court will not take any evidence at the Final Approval Hearing. Any Notice of Intention must be postmarked no later than Jan. 27, 2017 (14 days prior to the date of the Final Approval Hearing), and be filed with the Court, and served on the Court and Counsel for all Parties, at the addresses set forth above.

31. Any Settlement Class Member who fails to comply with any of the provisions of

this section shall waive and forfeit any and all rights he or she may otherwise have to appear separately at the Final Approval Hearing or to object to the Settlement, and shall be bound by all the terms of the Stipulation and by all proceedings, orders, and judgments in the Action.

32. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement or the request for attorneys' fees and expenses.

33. All papers in support of the Settlement and Class Counsel's request for an award of attorneys' fees and expenses shall be served and filed with the Court no later than Jan. 20, 2017 (21 days before the Final Approval Hearing). Reply papers in further support of the Settlement and Class Counsel's request for attorneys' fees and expenses and/or in response to objections shall be served and filed no later than Feb. 3, 2017 (seven (7) calendar days before the Final Approval Hearing). Service of papers shall be made by overnight mail, hand delivery, or email.

34. If any material condition to the Settlement set forth in the Stipulation is not satisfied, the parties may elect to terminate the Settlement as provided in the Stipulation. In any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and the parties shall revert to their respective positions in the Action as of the date that immediately precedes the execution of the Stipulation.

35. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an

admission or concession that the Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Plaintiff of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

36. The Court reserves the right to adjourn the date of the Final Approval Hearing or any continuance thereof without further notice to the Settlement Class Members.

37. Except as provided in the Stipulation, pending final determination of whether the Settlement should be approved or further order of the Court, no potential Settlement Class Member, whether directly, representatively, or in any capacity, and whether or not such persons have appeared in the Action, shall commence or prosecute in any court or forum any proceeding involving the subject matter of any of the Released Claims against Defendant. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is in aid of the Court's jurisdiction and to protect its judgments.

38. The administration and consummation of the Settlement as embodied in the Stipulation shall be under the authority of this Court, and the Court shall retain exclusive, continuing jurisdiction for the purpose of enforcing the terms of the Stipulation and for any other purpose related to the prosecution or resolution of the Action.

IT IS SO ORDERED this 15th day of September, 2016.

_____
HONORABLE KATHERINE B. FORREST
**UNITED STATES DISTRICT JUDGE**